Good morning, may it please the court. My name is Victoria Chagin and I represent John Van Orsdol, the appellant in this case. The medical evidence in this case limits Mr. Van Orsdol to work that involves mostly sitting. The administrative law judge claimed to accept this evidence, but found in his decision that he could perform light work. Light work, typically defined as involving a good deal of standing and walking, in fact six out of eight hours typically. The administrative law judge was pretty clear that he meant to limit him to light work. In his hypothetical question to the vocational expert, he said that it was a light hypothetical. He could lift 20 pounds occasionally, sit six out of, stand, walk six out of eight hours because he got weak in the knees, and then he needed to sit down briefly because he got weak in the knees, excuse me, for just a few minutes while remaining on task. So this was really a light hypothetical. That is what he intended. Now the importance of this is that a limitation to sedentary work in this case, given Mr. Van Orsdol's age of over 50, is that it would likely result in a finding of disability. A limitation to light work, per se, would not. Now the commissioner argues that there's no harmful error because the administrative law judge identified four jobs that Mr. Van Orsdol could do. Two of the jobs are classified as light by the Dictionary of Occupational Titles, and these were the ticket seller and ticket taker jobs. However, the vocational expert said that these were, in fact, sedentary jobs. If they're sedentary jobs, according to the regulations, Mr. Van Orsdol is disabled. Now the two other jobs are a little bit more tricky. This was the electronics... Sorry, counselor, maybe I misunderstood. I thought that light work was, on the scale of work, was a little more active than sedentary. Have I got it? Did I flip it? So light work involves standing and walking. Right. So if someone is capable of light work, why couldn't they do sedentary work? Because according to the medical vocational guidelines, a limitation to sedentary requires a finding of disability. I'm not sure. Maybe I didn't articulate my question very well. Oh, I'm sorry. If the ALJ was correct, and you assert he erred, but if he was correct in determining that the claimant was capable of light work, wouldn't that subsume that he was also capable of doing sedentary work? Well, in this case, he found that he could perform... What he actually found was a limitation to sedentary work. He called it light work. And maybe I misquoted that. The administrative law judge called it light work, but it was really... He said he accepted medical evidence that effectively limited him to sedentary work. So that's the discrepancy in this case. The medical evidence says he must sit most of the day. And these were the opinions of doctors... If that's the case, wouldn't he be capable of doing jobs like ticket taker and ticket seller? But then the medical vocational guidelines would preclude him, would find him disabled. Because of his age. Because of his age. So if you accept the medical evidence in this case, as it stands, a limitation to sedentary work, he's disabled. Does sedentary work include any standing? It can include up to two hours of standing by definition. It typically involves... And I can read you the definition if you'd like. The only reason I'm asking is that if I understand Dr. Kiefer, his treating physician, we're looking at standing up to two hours and sitting up to four to six plus the lifting occasionally. Is that disputed? No. That would be consistent with sedentary work. So these are all limitations to sedentary, which... Would be consistent with light work, then. Light work would be standing, walking six out of eight hours. Now, there are a couple of ways that you can be limited to sedentary work. One is based on the walking and standing. Another is if you're pushing and pulling arm and leg controls and mostly sitting. But that's not at issue in this case. There's no evidence that he can do that, and the judge didn't find so. So the real question is if you accept the medical evidence as it stands, he can't work. The administrative law judge said he accepted it, but then made a finding that he could perform light work. What about the vocational expert's testimony? There was that back and forth about whether or not ticket taker was really sedentary and whether he would consider it to be sedentary or light. How did you interpret that part of the record? With respect to ticket taker and ticket seller, the vocational expert said that if he were in charge of the Dictionary of Occupational Titles, he would define it as sedentary. So if it's sedentary work, then the guidelines, again, mandate a finding of disability. Can you talk about what it means to frequently balance? Can you talk about that? And what I'm specifically interested in is how the hypothetical accounted for that. So the hypothetical question in this case, well, if I understand the question. So there is a balancing issue. Mr. Van Oerstal claims that he has difficulty balancing, can't hold on to his. Right. And I've read the medical record, so I understand he's complained of that quite consistently. But the problem for me is that under limitation, the ALJ listed frequently balanced. Does that mean he can only balance frequently, which is I know frequently is separately defined as one-third, two-thirds. But what's it mean to have a limitation of frequently balanced? My understanding, now I understand your question, I apologize. That's okay. So a limitation to frequent balancing means that an individual can do a job that involves balancing two-thirds of the day between one and two-thirds of the day. That's the definition of frequent. So frequent balancing would mean that there would be. So when would that come up? So the limitation is the other third of the day he can't balance? Yes. Maintain his balance? Is that what that means? And it's, you know, it's not perfect in this situation because either a person can balance or they can't balance. They don't have the ability to balance part of the day. The Social Security regulations, and maybe my colleague can address this a little bit better, don't fit exactly with balancing. But what it would mean is that a person would be expected to balance, to be able to have the physical capacity to balance in order to do the job. Would you also address the issue of fatigue? Because that seemed to also be one of your challenges in terms of what was not taken into account. Sure. Mr. Van Orstel, one of the residuals of his stroke is that he has some fatigue. Now, how does fatigue affect one vocationally? That's part of the reason his doctors limited him to sedentary work, which involves sitting down and taking breaks. Now, sitting down brings us to the sedentary argument. The taking breaks is also vocationally significant because an individual has to be able to work on a regular and sustained basis and to maintain a certain number of hours during the day if they're taking excessive breaks and they can't meet that regulatory requirement. Now, there are a number of arguments relating to Mr. Van Orstel's testimony regarding fatigue and also to the fact that he was slower. Pace is another vocational factor. If an individual, particularly when they're doing manufacturing jobs, can't maintain a production pace, then that's something that has to be considered, and there has to be testimony from the vocational expert about their ability to maintain a production pace. Did you want to save your remaining time for rebuttal? Yes, I would. Thank you. Your Honors, good morning. My name is David Burdett, representing the Acting Commissioner, Carolyn Colvin. I have a bit of a cold, but I'll try and speak up and be understood. The argument that Ms. Chuggin is making about the medical vocational evidence, the medical vocational family of arguments, is assuming the question of whether or not the evidence limits Mr. Van Orstel to only the jobs that are properly classified as sedentary. If it did, then he would grit out. That is, he would be disabled by the medical vocational guidelines. So we would concede that. But it doesn't, because there are jobs. There is no rule that all light jobs must involve six or more hours of standing and walking. The definition of light says that they are mostly standing or walking for six hours, and they can include jobs that involve sitting with some use of arm, hand, or leg controls. And that's from Social Security Ruling 83-10. But as to the latter addition or exclusion, however you want to classify it, of these arm and hand controls, that wasn't at issue here, correct?  Okay, so the light is basically mostly sitting or mostly standing? Mostly sitting or standing. Most of the jobs that are included within the light definition are jobs that involve standing, but not all. That's the argument that we want to make. And the ALJ is entitled to rely on the VE when he gives them a hypothetical that says, Mr. Klayman is limited to light work. Are there any jobs within the light vocational database that are within light work that this person with this hypothetical can perform? Answer, yes, ticket taker and ticket seller. But didn't the VE decide that he could stand six hours a day if he took breaks? Yes, I think he did, Your Honor. But how do you reconcile that with an ability to maintain one's balance only two-thirds of the time? That's what I'm having trouble with. Okay, so first of all, Ms. Jagan is correct. The definition of frequent is a person's balance is one-third to two-thirds of the time. Now, that's... How does that work? Does he have to know when he can't balance? It seems, practically speaking, very difficult to say he can stand six hours a day if he can only maintain his balance, quote-unquote, frequently. Your Honor, I don't have a good answer for that. That is not a great fit of the two parts of the regulations. And how does he stand two hours a day in contrast to, I mean, substantial parts of the day when Dr. Keefer says two hours a day and then sitting the remainder? Because even if you parcel out your standing throughout the day in some way, that would seem at odds with the definition you just gave us on light work. But I'm saying that not all light... There are light jobs that can be performed by mostly sitting. That's the point of real concern here is that there are light jobs that can be performed by mostly sitting. The credibility arguments or the credibility family of arguments, I'm not stipulating a way, but we're not... We can go on about our business the same way if the court disagrees with us that the credibility arguments were adequate. But what we are concerned about primarily is that there not be a rule that when a VE says that yes... Let me start again. I got tangled up in there. The argument that Ms. Chogan is pressing would require you to find that when the VE is asked a question about light work and identifies some jobs that are consistent with the hypothetical that the VE says are light work, that the VE later in a colloquy that goes on for four pages with the claimant's attorney says, you know, if I were writing the DOD, maybe they'd be sedentary or words to that effect. That we have to then identify them as sedentary. We don't want that because that is a real problem of uncertainty as between what are the jobs in the sedentary base and what are the jobs in the light base. And the argument that she's making, if I've understood it correctly, and she'll correct me if I'm wrong, but if I've understood it correctly, the argument would compel a rule that notwithstanding however the VE answered in the first case, in the first instance, about whether there are jobs in a light base or in any vocational base. If later on in the discussion a VE says, well, my opinion might differ from the DOT and find it in a lesser exertional base for those particular occupations, that then the ALJ would have to be compelled to deviate from the DOT and to inquire further into whether that was really sedentary or whether it was really light rather than being able to just rely on the DOT. And the whole thrust of the regulations and the whole thrust of the court's jurisprudence about the DOT has been that it's the DOT and not the VE that is almost the ultimate authority. And that when an ALJ asks a question about vocational bases and gets a response from the VE that deviates from the DOT, that the ALJ has to go into great detail. This is in a number of cases that are acquiesced to in Social Security Ruling 004P. That the ALJ has to go into great detail to explain not why he's deviating from the VE's testimony, but why he's deviating from the DOT's standards. Can I see if I can encapsulate what you just said? I'm looking at the colloquy at ER 65 where the VE was essentially asked about these two jobs, and he said, you know, if it were up to me, I'd reclassify them. Your position is he wasn't testifying based on determination that he had reclassified them. He was acknowledging on cross-examination that in a perfect world, if he were rewriting the rules, that's what he would do. But then he went on to apply the DOT as they are currently published. That's right, Your Honor. That is right. And he doesn't get to come up with different definitions. That's not within the purview, and I appreciate that. I think your position is sound, and I certainly appreciate that. But I'm struggling with the definitions. We do have to apply. And so I appreciate your candor in discussing balancing and what it means to frequently balance and to be able to stand six hours a day because I think he's got to be able to stand six hours a day to be classified as light, right? I think that, no, I don't think so. Well, I've got the definition of light. So let me ask you this because your time is ticking. Can you point out of the several hypotheticals that were asked, can you please point to the one where the ALJ accounted for his inability to balance? I should say difficulty balancing. Yes. Your Honor, I think the best answer on that is on 67 and 68 when he includes a sit-stand option. Okay. And we didn't talk about that previously. I'm familiar with that part of the record. If that's where you want me to look, I sure appreciate that. That's going to be just fine. Thank you. Right. So that's our greatest concern is that we not have a rule to the effect that whatever stray comment a VE may make in conversation with a clever claimant's attorney overturn the DOT. Now, I can discuss the credibility findings if the court would like me to, but basically the nutshell version of that is that the ALJ gave three lines of reason, three families of reasons why the extent of limitations that Mr. Van Orsdale believed he had were, in the ALJ's view, belied by the evidence. And we would suggest that those are good reasons and ought not to be revisited because the ALJ is a trier of fact. Thank you. Thank you, Your Honor. You have some rebuttal time. The vocational expert in this case didn't just randomly redefine the jobs of ticket taker and ticket seller as sedentary. He did not? Is that what you're saying? No, he did not. What he did is what vocational experts are called to do in this case. He was asked to testify based on his experience whether those jobs were sedentary. Now, maybe the language was a little bit unconventional to say how would you classify these, but what he was doing is he was deviating from the Dictionary of Occupational Titles, which is why we called. But I thought the current regulation as it is written contemplates certain light duty jobs that would be accommodated by a stool, for example. He gave that as an illustration of how an employer might handle a ticket taker who needed to sit while he was taking tickets. Absolutely. So there's a gray area between sedentary and light, and when you fall into that area where you might need to sit down a little bit, then absolutely. A stool, for example, would be there if you need to just rest your legs and then get back up. But that doesn't change the nature of the problem I'm having with your argument. I guess I understand from an analytical standpoint why you're making the argument you're making, but as the reg is currently written and as it's being interpreted, doesn't that account for slight differences in the way certain positions are carried out? Slight differences. But we are way at the other end. The administrative law judge in this case said it was light work. That's what he presented to the vocational experts, sitting only a little bit. The individual was really limited to light work. He had the ability to stand and walk most of the day. Okay, but if the employer provides a stool for the ticket taker, that doesn't change the classification of the work, does it? No, but if he is required to sit most of the day, then that becomes a sedentary job, and that is what the administrative law – that's what the vocational experts – He doesn't have to sit in the stool the whole eight hours. I mean, at some point he can stand if that's more comfortable for him, can he not? So the job could still be classified in the Dictionary of Occupational Titles as light work, but what the vocational expert testified is that in his experience, the job is performed sitting with technology. Let me ask you, though, if it's a job that the vocational expert says he can do, although if he were king of the regs, he would classify it as sedentary, but if he says it is a job that he may do and under the classification it is considered light work, what would be the burden on the ALJ to basically overturn that and say, well, despite it being classified as light work, I'm going to find it to be sedentary? Wouldn't the ALJ have to make specific findings and determinations? Yes, and if he was, in fact, saying that he could perform the job as a light job, then that violates the medical evidence, which said that he's limited to sedentary work. See, this is the problem. The claimant is actually limited to a job which involves sitting most of the day. So if the job of ticket taker and ticket seller is truly a light job, then he can't do it. If it's a sedentary job. I mean, that's where you're losing me on the argument. Why can't he perform that job with that, I don't know what to call it, accommodation, I guess, although that's a loaded term in the law. Because he needs to spend most of his day sitting, according to the medical evidence that wasn't refuted. But he could do it with that accommodation, couldn't he? I mean, we're talking about residual functional capacity. What can the claimant do in light of whatever his diagnosis and restrictions are? Because it's a go around. Then what that is is a way to identify jobs that get around the grids that the commissioner already conceded. But isn't your argument really an attack on the way that the current definition is written for classifying these jobs as light work? Isn't that sort of the heart of your argument? I'm just asking that the rules be followed, that the rules, the definition of light is very clear. The vocational expert in this case is not allowed to deviate from the rules that are both in the DOT, the definitions. Social Security ruling 00-4P says- Do you disagree with his answer that examples of light work under the DOT would include ticket taker and what was the other one, assembler? But what he said, he redefined light work, and he can't do that. My question is a simple one. Is it or is it not within the current definition, those two positions? Well, ticket taker, are they within the definition of light work? Answer to the question of what the current law says or what the reg says. Are ticket taker and assembler light jobs? Yeah. They are light jobs according to the DOT? All right. You said that he redefined light work over your time, so can you just complete that thought? That would be helpful to me. Sure. He indicated that light work is work that can involve two hours of standing and walking. That is clearly in violation of the regulations, which say that light work involves a great deal of standing and walking. And according to the Social Security ruling, you can't rely on vocational expert testimony that's inconsistent with regulatory policies or definitions. If I were to take your argument straight up, it would just seem that it's really that these jobs are misclassified. Is that right? Well, he said they were misclassified. But is that your argument? Yes. All right. Thank you. Thank you both for your arguments this morning. The case of Van Orsdaal v. Colvin is submitted. We'll have argument next in Smith v. the United States.
judges: McKeown, Tallman, Christen